# 7308

NO/ 7308

STANDARD BREWING COMPANY

VS

STOCK & CO, LIMITED.

STATE OF LOUISIANA.

COURT OF APPEAL

PARISH OF ORLEANS.

# 7308

ST. Paul Judge.

Plaintiff sues for the price of a beer cooler sold to defendant. The sale formed part of an agreement by which plaintiff loaned defendant $2500, and furnished the beer cooler, on condition that defendant should buy beer exclusively of plaintiff. That condition being observed the loan might be repaid at the rate of $100 per month, without interest, and the price of the cooler withheld until the expiration of the 25## months. Should defendant cease to buy beer of plaintiff, both the loan and the price of the cooler were to become exigible at once.

Defendant ceased buying beer of plaintiff, and hence this suit; to which defendant filed exceptions of no cause of action and of prematurity.

### 1#

The xeception of no cause of action is based upon grounds heretofore urged when plaintiff sued for the return of the loan, and which we disposed on in the matter No. 7010 of our docket. We find no reason to change the conclusions then reached. The xeception is not well founded.

### 11.

The plea of are maturity is based upon an alleged compromise entered into between defendant and plaintiff's attorney, under which plaintiff received $100 in cash and 28 notes of $25 each, payable weekly, and containing a clause by which, "It is understood and agreed that if the above described notes are punctually paid, the Brewing Company will not, during the time they are running, demand payment of any other obligations due by it; but Stock & co promise, if business permits to take up one or more of the $100 notes outstanding.#

In a sup supplemental petition plaintiff sets up that this last agreement had reference solely to past due indebtedness, to wit, a past due indebtedness of $800 on open account (now settled in cash and by notes) and sundry past due instalments of the $2500 loan; of all of which said attorney had knowledge, and as to which he had authority to act. But that said attorney neither knew of, nor had any authority with reference to, that clause of the original contract which matured other obligations

of defendant upon the latters' failure to buy beer of plaintiff:

This allegation was borne out by the uncontradicted testimony of the attorney and of another representative of plaintiff.

But all the evidence was objected to on the ground that it tended to vary the terms of the written compromise as above quoted, viz, that as long as the series of $25 notes was running and the notes being punctually paid, plaintiff wpuld not demand payment of "any of the other obligations held by it."

The objection is not well founded. Under the Civil Code a compromise must be reduced to writing (C. C. 3071), but since a compromise, even though worded in general terms, covers only those matters about which the parties had differences (C. C. 3073), it follows that parol evidence is necessarily admisible to show what those matters were, if the act of compromise be silent or vague on that score.

On the merits there is no defense other than the aforesaid exceptions set forth in another form.

The judgment appealed from is correct.

Judgment Affirmed.